UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANGELO L. CROSS,                                                                                         Plaintiff,

v.                                                                              Civil Action No. 3:14-cv-794-DJH

SGT. SCOTT PERRY #2885 et al.,                                                                    Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff, Angelo L. Cross, filed a *pro se*, *in forma pauperis* complaint on a general complaint form. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues Louisville Police Sargeant Scott Perry, Mr. Terry Schagene, and the Louisville Police. As grounds for filing the complaint, he states: "false arrested, false imprisonment, slander perjury, etc." He states that he had discovered a few years earlier that people from out of town often asked him for "information to bar and hotel etc. and some time they be to[o] drunk they forget where they park or the hotel they was in so I a job by helping them find out where they want to go and I call myself Mr. Info Man." He states that he wore a sign around his neck saying "Info Man" to prove that he was not panhandling or harassing anyone. He states further: "But when Officer Scott see me helping people out he did just lock me up; he didn't want me down town at all, so he said so." Plaintiff also alleges, "Mr. Terry Schagene put my picture on his parking lot saying that I was a con man without having me go to

court first to prove it." As relief, Plaintiff asks for "the court to stop him from perjury" and for payment for his pain and suffering "and for making me be homeless now."

Plaintiff attaches, among other things, a Criminal Complaint Summons, in which the affiant, Defendant Schagene, stated that he is the owner of several parking lots. Defendant Schagene further stated that Plaintiff unlawfully approached customers parking in his parking lot, represented himself as a parking attendant, and received monies from customers for parking.

Before conducting the initial review, the Court ordered Plaintiff to explain whether the charges brought against him were still pending. In response, Plaintiff has submitted copies of paperwork which appear to show that charges brought on April 20, 2014, of harassment (no physical contact) and offenses against public peace were dismissed on June 11, 2014.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289

F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Additionally, as always, the Court must consider whether it has subject-matter jurisdiction. Federal courts hear only cases allowed under the Constitution or cases which Congress has entrusted to them by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction in this Court may be premised on a federal question, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332. This Court must dismiss the action if it is determined "at any time that [the Court] lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

Here, the complaint does not state any basis for this Court's jurisdiction. The Court finds that no diversity jurisdiction exists in this case. Under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Plaintiff does not claim that the matter in controversy exceeds $75,000, and Plaintiff's address and at least some, if not all, of Defendants' addresses are in Kentucky.

3

Consequently, Plaintiff cannot show jurisdiction over any of the Defendants by way of the federal diversity statute.

Therefore, for purposes of initial review, the Court will assume that Plaintiff is attempting to avail himself of federal-question jurisdiction. To do so, Plaintiff must allege a cause of action under 42 U.S.C. § 1983 or similar statute which provides a necessary conduit through which a plaintiff might recover for federal-rights violations perpetrated against him. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). To prevail on a claim under § 1983, Plaintiff must establish "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

### *Defendant Schagene*

Section 1983 typically cannot be used to bring an action against a private citizen, like Defendant Schagene. Only if the alleged infringement of federal rights is fairly attributable to the state may private persons be held to be state actors. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The Supreme Court has articulated three tests for determining who are state actors. These three tests are: (1) the nexus test or symbiotic relationship test, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961); (2) the public function test, *West v. Atkins*, 487 U.S. 42, 49-50 (1988); *Flagg Bros.* v. *Brooks*, 436 U.S. 149, 157 (1978); and (3) the state compulsion test, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970). *See Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 936-39 (1982) (for a discussion of the tests); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (same).

Here, the only suggested link between Defendant Schagene and the state is the allegation that Defendant Schagene complained to the police about Plaintiff's activities. A private citizen who provides information to the police is not acting "under color of law." *See Bryant-Bruce v. Vanderbilt Univ., Inc.*, 974 F. Supp. 1127, 1142 (M.D. Tenn. 1997) ("The mere furnishing of information to state officials does not constitute joint action sufficient to render a private citizen a state actor under Section 1983 . . . ."). The Court finds that Plaintiff has failed to state a § 1983 claim against Defendant Schagene.

*False arrest and imprisonment*

Defendants Perry and the Louisville Police are state actors. However, to state a claim of constitutional dimension based on a false arrest or false imprisonment, a plaintiff must plead facts showing that "the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). *See also United States v. Torres-Ramos*, 536 F.3d 542, 554 (6th Cir. 2008) ("In the absence of probable cause, an arrest constitutes an unreasonable seizure in violation of the Fourth Amendment.").[1]

Here, the copy of the Criminal Complaint Summons attached to the complaint is signed by a state-court judge, who states that "based upon the information contained herein, it is found probable cause exists to believe a crime has been committed." An arrest pursuant to a facially valid warrant, as is the case here, is ordinarily a complete defense. *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010). Therefore, in order to prevail on a false-arrest or false-imprisonment claim, Plaintiff would be required to prove by a preponderance of the evidence that "in order to

---

[1] False arrest and false imprisonment claims are functionally the same. *Cf. Gumble v. Waterford Twp.*, 171 F. App'x 502, 507-08 (6th Cir. 2006). In other words, Plaintiff's claims of false arrest and false imprisonment will turn on whether there was probable cause to arrest Plaintiff.

5

procure the warrant, [the officer] 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood' and 'such statement or omissions [we]re material, or necessary, to the finding of probable cause.'" *Id*. (internal citations omitted). Here, Plaintiff makes no argument that the Criminal Complaint Summons was not facially valid. Nor does Plaintiff allege that in order to procure the warrant a state actor "'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood'" which led to the finding of probable cause. *Id.* Thus, Plaintiff has failed to state a § 1983 claim for false arrest or false imprisonment against Defendants Perry and the Louisville Police.

*Perjury*

It is not clear which Defendant(s) Plaintiff alleges committed perjury. It appears most likely that Plaintiff is referring to Defendant Schagene in this context. However, there is no cognizable civil cause of action for perjury under federal law. *See Sutton v. U.S. Small Bus. Admin.*, 92 F. App'x 112, 118 n.5 (6th Cir. 2003) (noting that 18 U.S.C. § 1621, the federal criminal perjury statute, "is inapposite" to a civil action); *Brown v. J.P. Morgan Chase Bank*, No. 12-10826, 2012 WL 1555418, at *3 (E.D. Mich. Apr. 30, 2012) (concluding that "18 U.S.C. § 1621 does not confer jurisdiction on this Court"). Thus, Plaintiff's claim based on perjury must be dismissed for failure to state a claim.

*Slander*

Slander, without more, does not state a claim under § 1983. Harm or injury to reputation does not result in a deprivation of any "liberty" or "property" protected by the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Thus, to the extent Plaintiff seeks to raise a

6

§ 1983 claim based upon the theory of slander, that claim must fail because it does not involve the violation of rights secured by the Constitution and laws of the United States. *See Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d at 677; *Azar v. Conley*, 456 F.2d 1382, 1389 (6th Cir. 1972) ("[T]he Civil Rights Act does not give rise to a cause of action for slander.").

*Supplemental state-law claims*

Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). His state-law claims will be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss the instant action.

Date: April 17, 2015

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
     Jefferson County Attorney
4415.009